**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-08-00544-PHX-GMS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| George Villareal, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion to Be Sentenced Pursuant to Title 18 U.S.C. § 3553(a) and Declare the Mandatory Minimum Sentence in Title 18 U.S.C. § 3559(f) Unconstitutional. (Dkt. # 60.) Defendant, who intends to plead guilty to the second-degree murder of a juvenile recklessly and with extreme disregard for human life, argues that the thirty-year mandatory minimum sentence of § 3559(f) is unconstitutional because: (1) it violates the Eighth Amendment requirement of individualized sentencing; (2) it encroaches upon the judicial function of individualized sentencing; (3) it conflicts with the Sentencing Reform Act ("SRA") and the Court should resolve the conflict in favor of the SRA to avoid an absurd result; and (4) the Court should resolve the conflict in favor of the SRA under the doctrine of constitutional avoidance. For the following reasons, the Court grants the motion insofar as it requests that the Court sentence the Defendant pursuant to § 3553(a) and denies the motion insofar as it argues that § 3559(f) is unconstitutional.

1  First, § 3559(f) does not offend the requirement for individualized sentencing because this is not a capital case. *See Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) (majority opinion) ("We have drawn the line of required individualized sentencing at capital cases, and see no basis for extending it further."). The Supreme Court's holding in this regard is binding on this Court. Defendant offers no authority in support of his argument that the Guidelines represent the "constructive evolution" of social standards and that mandatory minimums "disrupt[] the constructive evolution process." (Dkt. # 60 at 2-6.) The Court has no reason to believe that an advisory Guideline range is more representative of "evolving standards of decency" than a mandatory sentence. Moreover, there is no inherent conflict between an advisory Guideline and a mandatory sentence, not only because the Guideline is advisory, but also because § 3553(a)(4) requires the Court to take into account "the kinds of sentences available," presumably including mandatory minimum sentences such as those set forth in § 3559(f). Contrary to Defendant's argument, a mandatory minimum sentence does not prevent the Court from applying the remaining factors in § 3553(a) in arriving at an appropriate sentence. Thus, because there is no conflict between the Guidelines and the mandatory sentence, there would be no "disruption" to any "constructive evolution process."

Second, § 3559(f) does not encroach upon the judicial function of individualized sentencing. As explained, individualized sentencing is not implicated here because this is not a capital case. *See Harmelin*, 501 U.S. at 996. Regardless, Defendant's argument is predicated upon the assumption that providing sentences is solely a judicial function and that the legislature has no role therein, other than to give advice. That is not the case. *See United States v. Grayson*, 438 U.S. 41, 47 (1978) ("Thus it is that today the extent of a federal prisoner's confinement is initially determined by the sentencing judge, who selects a term *within an often broad, congressionally prescribed range*[.]") (emphasis added).

The Court rejects Defendant's third and fourth arguments because, as explained above, § 3553(a) is not inconsistent with the application of the mandatory minimum sentence

set forth in § 3559(f). Thus, there are no constitutional questions or absurd statutory constructions that would need to be avoided.[1]

In sum, although recent Supreme Court authority has held that the Federal Sentencing Guidelines are merely advisory, Defendant offers no authority for the proposition that statutory sentencing mandates are not binding on courts, except where Congress itself has provided exceptions. *See, e.g.*, 18 U.S.C. § 3553(e). Defendant offers no congressional exceptions to the application of the mandatory minimum sentence here, nor does Defendant offer any persuasive authority for the proposition that Congress may not establish mandatory minimum sentences for certain types of offenses. Defendant does assert that Congress has no authority to constrain a sentencing judge's discretion in imposing a sentence, but for the above reasons the Court is not persuaded by Defendant's analogy in this respect to the Federal Sentencing Guidelines.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Be Sentenced Pursuant to Title 18 U.S.C. § 3553(a) and Declare the Mandatory Minimum Sentence in Title 18 U.S.C. § 3559(f) Unconstitutional is **GRANTED** insofar as it requests sentencing pursuant to the Guidelines and **DENIED** insofar as it requests that the Court find the mandatory minimum sentence unconstitutional.

**DATED** this 12th day of May, 2009.

_____
G. Murray Snow
United States District Judge

---

[1] The Court does not understand Defendant to be arguing that a thirty year sentence for the second-degree murder of a juvenile, committed recklessly with extreme disregard for human life, is disproportionate to the offense. To the extent that Defendant is attempting to make such an argument, the Court holds that, given the undisputed facts of this case, Defendant is unable to raise any inference of a disproportionate sentence here.